```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| In re RALPH ANGELUCCI, JR., and JANIS ANGELUCCI,   Debtors, | Civil Action No. 09-70-JMH |
| L. BENNETT ANGELUCCI,   Petitioner, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| FARMERS BANK & TRUST CO.,   Respondent. | |

```
            **    **    **    **    **
```

This matter is before the Court on Petitioner's Motion for Withdrawal of the Reference to the United States Bankruptcy Court for the Eastern District of Kentucky [Record No. 1]. Respondent filed a Response and Petitioner replied [Record Nos. 2 & 3]. Accordingly, this matter is ripe for review. The Court notes that Petitioner and Respondent are parties in an adversary proceeding in the United States Bankruptcy Court for the Eastern District of Kentucky. For the reasons that follow, Petitioner's motion will be denied.

**I. BACKGROUND**

Petitioner Bennett Angelucci ("Bennett") is the mother of Ralph Angelucci ("Ralph"). On June 8, 2000, Bennett conveyed an undivided one-half interest in 5184 Tates Creek Road, Lexington, Kentucky ("Property"), to Ralph and his wife Janis. Bennett, Ralph, and Janis mortgaged the Property to First Federal Bank on

February 27, 2001, to secure a loan of $650,000, in order to expand the home so Ralph and Janis could reside with Bennett. Ralph and Janis (collectively, "Debtors") operated a construction business, partly financed through cash from Bennett and loans from financial institutions. Bennett claims she loaned $98,745 to Debtors for their business. Debtors later borrowed money from First Federal Bank and other lenders to repay debts owed to other family members and keep the business afloat.

On February 3, 2006, Debtors borrowed $400,000 from Farmers Bank & Trust Company ("Farmers Bank"). On the same day, Debtors and Bennett secured the loan by granting Farmers Bank a mortgage on the Property. Bennett disputes the authenticity and validity of her signature on the Farmers Bank mortgage. The closing attorney testified that Bennett signed the mortgage. Nevertheless, Debtors' business failed and they filed for Chapter 7 bankruptcy protection on February 8, 2008, Case No. 08-50278-JMS.

On April 4, 2008, Farmers Bank filed a proof of claim against the bankruptcy estate, seeking $418,891.09 that it loaned to Debtors and that was secured by the Property. On May 12, 2008, Bennett filed a proof of claim in the amount of $748,745 for the alleged unsecured loans she made to Debtors and the remaining debt obligations she incurred by co-signing mortgages and promissory notes with Debtors.

On May 17, 2008, the Chapter 7 Trustee sold the Property for

-2-

$1,175,000. First Federal Savings Bank was paid off in full as the holder of the first lien upon the Property. The remaining proceeds, $513,013.41, are being held in escrow, pending further orders of the Bankruptcy Court. Approximately $430,000 will remain in the bankruptcy estate after the costs of sale, the Trustee's commission, and the delinquent property taxes are paid.

On June 12, 2008, Bennett filed an adversary complaint, Case No. 08-5072, against Farmers Bank, challenging the validity of the Farmers Bank mortgage on the Property. Specifically, Bennett seeks recision, reformation, or avoidance of the Farmers Bank mortgage based on her belief that her signature on the mortgage documents was forged or, alternatively, procured through fraud, misrepresentation, undue influence, duress, or overreaching. Bennett also claims that Farmers Bank failed to provide mandatory disclosures regarding her right to rescind the mortgage, as required by the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635. Bennett has also asked for declaratory and injunctive relief.

On November 25, 2008, Farmers Bank moved the Bankruptcy Court for partial summary judgment on Bennett's TILA disclosure claims. On January 23, 2009, Farmers Bank moved for partial summary judgment on Bennett's forgery, fraud, misrepresentation, undue influence, and/or duress claims. On January 29, 2009, before the Bankruptcy Court could rule on the motions for summary judgment, Bennett moved to withdraw this Court's reference to the Bankruptcy

Court pursuant to 28 U.S.C. § 157(d).  In support of her motion, Bennett claims that she has a Seventh Amendment right to try the state law and TILA claims before a jury and, alternatively, that the Bankruptcy Court cannot try these claims because they are non-core proceedings.  Farmers Bank argues that the adversary proceeding is a dispute between creditors about the priority of their claims and that the Bankruptcy Court is the proper court to resolve the claims against the Debtors' bankruptcy estate.

**II. ANALYSIS**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334.  Pursuant to LR 83.12, all Title 11 cases in the Eastern District of Kentucky are automatically referred to this district's Bankruptcy Court.  *See* 28 U.S.C. § 157(a); *Amedisys, Inc., et al. v. Nat'l Century Fin. Enters., Inc. (In re Nat'l Century Fin. Enters., Inc.)*, 423 F.3d 567, 573 (6th Cir. 2005) (district courts may refer title 11 cases and related cases to bankruptcy courts).  A party may move to withdraw the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d), which states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

-4-

The statute makes clear that there are two bases for withdrawing the reference: mandatory withdrawal and discretionary withdrawal. The withdrawal statute should be narrowly construed. *Hassett v. Citicorp N. Am., Inc. (In re CIS Corp.)*, 188 B.R. 873, 877 (S.D.N.Y. 1995); *Mich. Milk Producers Ass'n v. Hunter*, 46 B.R. 214, 215-16 (N.D. Ohio 1985). There is a split of authority as to how "consideration" in the mandatory withdrawal provision should be interpreted. The Sixth Circuit has not defined "consideration" and district courts in the Circuit are split. *See Laborers' Pension Trust Fund, et al. v. Kiefer (In re Kiefer)*, 276 B.R. 196 (E.D. Mich. 2002); *Martin v. Friedman, et al.*, 133 B.R. 609 (N.D. Ohio 1991). However, this district follows the majority rule that mandatory withdrawal is warranted when resolution of the claims before the bankruptcy judge will require substantial and material consideration of non-Bankruptcy Code ("Code") statutes. *Sec'y of the Dep't of Labor v. Holman (In re Holman)*, 325 B.R. 569, 573 (E.D. Ky. 2005). Bennett has not argued for mandatory withdrawal of the reference.

A court may grant discretionary withdrawal of the reference where the movant has shown "cause" and the motion was "timely." *Big Rivers Elec. Corp. v. Green River Coal Co., Inc.*, 182 B.R. 751, 754-55 (W.D. Ky. 1995); *Eide v. Haas, et al. (In re H & W Motor Express Co.)*, 343 B.R. 208, 213 (N.D. Iowa 2006). The Code does not define "cause," but most courts consider a list of factors to

decide whether cause exists to withdraw the reference. The factors include (1) judicial economy, (2) uniformity in bankruptcy administration, (3) reducing forum shopping and confusion, (4) fostering economical use of the debtor's and creditor's resources, (5) expediting the bankruptcy process, and (6) the presence of a jury demand. *Big Rivers Elec. Corp.*, 182 B.R. at 754.

Some courts first decide whether the proceedings before the bankruptcy court are core or non-core. *See Enron Corp. v. Belo Co. (In re Enron Corp)*, 317 B.R. 232, 234 (S.D.N.Y. 2004) (citing *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1100-01 (2d. Cir. 1993)); *Millennium Studios, Inc. v. Man Roland, Inc. (In re Millennium Studios, Inc.)*, 286 B.R. 300, 303 (D. Md. 2002); *Lawrence Group, Inc. v. Hartford Cas. Ins. Co. (In re Lawrence Group, Inc.)*, 285 B.R. 784, 786-87 (N.D.N.Y. 2002). A core proceeding "either invokes a substantive right created by federal bankruptcy law or one which could not exist outside of the bankruptcy." *Lowenbraun v. Canary, et al. (In re Lowenbraun)*, 453 F.3d 314, 320 (6th Cir. 2006); *see* 28 U.S.C. § 157(b)(2) (non-exhaustive list of core proceedings). Non-core proceedings are proceedings related to a case under title 11. *Id.* § 157(a); *In re Nat'l Century Fin. Enters., Inc.*, 423 F.3d at 574. "The bankruptcy judge rules on whether a particular proceeding is a core proceeding." *Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 483 (6th Cir. 1992) (citing 28 U.S.C. §

157(b)(3)).  "[T]he core jurisdiction of the bankruptcy courts should be given a broad interpretation that is close to or congruent with constitutional limits and . . . [*N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982)] is to be construed narrowly."  *Comm. of Unsecured Creditors on behalf of Iridium Operating, LLC, et al. v. Motorola, Inc. (In re Iridium Operating, LLC)*, 285 B.R. 822, 829 (S.D.N.Y. 2002) (internal quotation marks omitted).  In non-core proceedings, a bankruptcy court may not enter a final judgment, but does have authority to issue proposed findings of fact and conclusions of law that the district court reviews *de novo*.  28 U.S.C. § 157(c)(1); *Marshall v. Marshall*, 547 U.S. 293, 303 (2006).  A district court may withdraw both core and non-core proceedings.  *In re Holman*, 325 B.R. at 572.

If the parties consent, the district court may refer a non-core proceeding to a bankruptcy judge "to hear and determine and to enter appropriate orders and judgments . . . ."  28 U.S.C. § 157(c)(2).  Fed. R. Bankr. P. 7008 requires an adversary proceeding plaintiff to state in her complaint whether the "proceeding is core or non-core and, if non-core, that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy judge."  Similarly, an answer must include a "statement that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge[,]" if the party denies that the proceeding is core.  Fed. R. Bankr. P. 7012.  A bankruptcy judge may conduct

a jury trial, where the right exists, if specially designated to do so by the district court and the parties expressly consent. 28 U.S.C. § 157(e); *see Vigh v. Yates, et al. (In re Vigh)*, 85 F.3d 630, 630 (6th Cir. 1996) (unpublished) (citing *Rafoth v. Nat'l Union Fire Ins. Co. (In re Baker & Getty Fin. Servs., Inc., et al.)*, 954 F.2d 1169, 1172-73 (6th Cir. 1992) and 28 U.S.C. § 157(e) for proposition that bankruptcy court may only conduct jury trials if conditions are met).

In this case, Bennett argues (1) that she has a Seventh Amendment right to a jury trial on her state law and TILA claims, and (2) that the Bankruptcy Judge cannot conduct a jury trial of her claims because they are non-core. Thus, she asks the Court to withdraw the reference to the Bankruptcy Judge. In response, Farmers Bank argues (1) that, since Bennett filed a proof of claim against the Debtors' bankruptcy estate, she waived her right to a jury trial, (2) that Bennett's adversary proceeding claims are a dispute between creditors and thus fall within the purview of the Bankruptcy Judge, and (3) that this Court should postpone any decision to withdraw the reference until the Bankruptcy Court rules on Farmers Bank's pending motions for summary judgment.

In her motion, Bennett does not argue for mandatory withdrawal of the reference. Instead, Bennett argues that this Court should choose to withdraw the reference in its discretion. Bennett stakes much of her argument on whether her state law and TILA claims are

-8-

non-core. The Court notes that this issue is not fully developed. For example, to the Court's knowledge, the Bankruptcy Judge has not decided that the claims in dispute are core or non-core, as required by statute. *See* 28 U.S.C. § 157(b)(3). In essence, Bennett asks this Court to decide the issue in the first instance, rather than submit the question to the Bankruptcy Judge. The Court declines this invitation in view of § 157(b)(3) and the appeals process outlined in § 158. *See Big Rivers Elec. Corp.*, 182 B.R. at 755 n.4 (questioning whether district court may consider core/non-core issue in first instance and whether review of such decision by bankruptcy court is possible absent formal appeal). In the words of one district court, "Congress demonstrated an ability to make withdrawal non-discretionary in the second sentence of [§] 157(d), and there is no reason to believe Congress could not have done the same with respect to non-core proceedings." *Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec. Corp.*, 106 B.R. 367, 371 (D. Del. 1989).

Nevertheless, the Bankruptcy Judge may enter appropriate orders and judgments on all of Bennett's claims against Farmers Bank, but may not conduct a jury trial at this time should the right apply. Regardless of whether the Bankruptcy Judge determines that any of Bennett's claims are non-core, the parties consented to submit the core and non-core claims to the Bankruptcy Judge for entry of appropriate orders and judgments. *See* Pl.'s Compl. ¶ 1

("Plaintiff's remaining claims may be non-core proceedings, but Plaintiff consents to submit her claims to this Court for judgment pursuant to . . . [] § 157(c)(2)."); Def.'s Ans. ¶ 1 ("Farmers Bank admits the allegations contained in paragraph[] 1 . . . of the Plaintiff's Complaint."). The Bankruptcy Court may not conduct a jury trial because the parties failed to meet the conditions set forth in 28 U.S.C. § 157(e). Specifically, Bennett asked for a jury trial, but Farmers Bank expressly refused to consent to a jury trial. Pl.'s Compl. at 8; Def.'s Ans. at 4. Thus, barring consent from the parties in the future, the Bankruptcy Court may not conduct a jury trial should the right apply.

The Bankruptcy Judge may decide the motions for summary judgment, subject to appeal under § 158(a). Pending before the Bankruptcy Court are Defendants' motions for partial summary judgment. Having consented to the entry of orders and judgment on the non-core claims, the parties cannot challenge the Bankruptcy Court's ability to decide the pending motions. Rather the parties must wait to take any appeals after an order is entered.

The Bankruptcy Judge's decision may obviate the need for a jury trial, should that right exist. However, if the Bankruptcy Judge decides that any claims survive the motions for summary judgment, then the parties may later move to withdraw the reference and move for a jury trial in this Court.

The Court declines to address the remaining arguments in this

case until the motions for summary judgment are resolved and declines to withdraw the reference at this time because Bennett has not shown cause to do so. The case has been in the Bankruptcy Court's hands for more than a year. Judicial economy and uniformity of administration are furthered by allowing the Bankruptcy Court to handle this matter. The Bankruptcy Court is more familiar with the parties, their claims, and the substantive law. Moreover, resolution of the adversary proceeding will affect the priority of liens in the Chapter 7 proceedings. Allowing preemptive review of actions in the Bankruptcy Court would waste the parties' resources, the resources of both courts, and unnecessarily slow the bankruptcy process. Furthermore, the Court is concerned that the timing of Bennett's request to withdraw the reference in this matter indicates her attempt to shop for a more favorable forum. In short, the better course is to allow the Bankruptcy Court to decide the issues it is statutorily obligated to decide and permit that court to decide the merits of the pending motions for summary judgment. At that point, this Court will be in a better position to address potential appeals from the Bankruptcy Court's decisions and determine whether a jury trial is needed on the remaining claims.

### III. CONCLUSION

Bennett's motion to withdraw the reference in this case is premature. The Bankruptcy Court has the consent of the parties to

enter appropriate orders and judgment in this case. The Court declines to withdraw the reference, but the parties may seek withdrawal in the future.

Accordingly, **IT IS ORDERED:**

(1) that Plaintiff's motion to withdraw the reference of Plaintiff's adversary complaint be, and the same hereby is, **DENIED WITHOUT PREJUDICE**,

(2) that the Clerk shall **FILE** this Order in this Court and in the U.S. Bankruptcy Court for the Eastern District of Kentucky, Adversary Proceeding, No. 08-05072, and

(3) that this matter be **STRICKEN FROM THE ACTIVE DOCKET** and **REMANDED** to the U.S. Bankruptcy Court for the Eastern District of Kentucky.

This the 23rd day of March, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge